[No. 1484.]

STATE OF NEVADA, EX REL. GUSTAVE A. KOPPE, RELATOR, *v.* THE SECOND JUDICIAL DISTRICT OF THE STATE OF NEVADA IN AND FOR WASHOE COUNTY, RESPONDENT.

NEW TRIAL—APPEAL FROM JUSTICE COURT—JURISDICTION OF DISTRICT COURT.—After a verdict rendered in the district court upon the trial of a case appealed from a justice's court, the district court has jurisdiction, when a proper showing is made, to grant a new trial. (Syllabus by BIGELOW, C. J.)

ORIGINAL PROCEEDING. Application by the State on the relation of Gustave A. Koppe, for a writ of *certiorari* to A. E. Cheney, Judge of the Second Judicial District Court of the State of Nevada, in and for Washoe county. Writ denied.

The facts appear in the opinion.

*Curler & Curler,* for Relator:

I. The court of common pleas (district court), in cases appealed from the justice court, acts strictly in an appellate capacity with powers limited and controlled by the statute. They have no common-law jurisdiction of discretion. Such powers as are given by the statute they can exercise, and, as a general thing, no others. (*Schuyler* v. *Mills,* 28 N. J. Law, 137.)

II. A judgment of non-suit, or upon the merits, is effectually, equally and finally an end of the case. There can be revival of the case, or reinstatement or opening of the judgment, or setting aside a verdict for retrial. It has been really tried in the meaning of the act.

III.   It has been repeatedly held in this state that the district court, on appeal, has no greater jurisdiction than the justice of the peace from whose court the appeal is taken.   (*Peacock* v. *Leonard,* 8 Nev, 84; *State ex rel. Hardin* v. *Moore,* 9 Nev. 355; *Martin* v. *District Court,* 13 Nev. 91.)

IV.   While section 3601 of the General Statutes provides that justice courts may grant new trials in certain cases, still section 3602 provides that the application must be made upon affidavit and notice, and that the affidavit must be filed with the justice with a statement of the grounds upon which the party intends to rely.   If these provisions are claimed to give the district court the right to grant a new trial, which proposition relator denies, still it is manifest that the justice could not act in the absence of the affidavit, and if the justice could not act, neither could the district court.

*Thos. E. Haydon,* for Respondent:

I.   When an appeal from a justice court is regularly taken to the superior court, it has entire and complete jurisdiction of the cause for all purposes, and its action in regard to such, though erroneous, is not subject to *certiorari.*   (*Buckley* v. *Superior Court,* 96 Cal. 121; *Sherer* v. *Superior Court,* 96 Cal. 654; *Curtis* v. *Superior Court,* 63 Cal. 435, cited 68 Cal. 100; 77 Cal. 307.)

II.   The court can, in some cases, grant a new trial of its own motion.   (Hayne on New Trial, sec. 10; *Duff* v. *Fisher,* 15 Cal. 380.)

III.   If the district court could grant a new trial of its own motion, undeniably it could do so on an application regularly made; and if it has jurisdiction of its own motion, or on a motion regularly made, then no *certiorari* lies to interfere with such discretion and jurisdiction.

By the Court, BIGELOW, C. J.:

The action of *Haydon* v. *Koppe,* was appealed from the justice's court of Reno township to the district court, and upon a trial there, before a jury, the defendant obtained a verdict and judgment in his favor.   Thereupon the plaintiff, in accordance with the provisions of the statute, moved for a

new trial, which was regularly granted by the court. The relator, the defendant in said action, has applied for a writ of *certiorari* to set aside the order granting a new trial upon the ground that, in cases appealed from a justice's court, the district court has no jurisdiction to grant a new trial.

This contention is founded upon the language of section 3604, Gen. Stats., which directs that: "All cases appealed to the district court shall be tried anew in said court, but said court may regulate by rule the practice in such cases in all respects not provided for by statute."

The relator contends that in the trial of appealed cases the district court has only such jurisdiction as is specially conferred upon it by statute; that it has no common-law jurisdiction, and, as the right to try anew does not include the right to grant a new trial, no such power exists. We do not, however, feel justified in taking so restricted a view of the powers of the district courts. Nothing is said in the statutes as to what the procedure in appealed cases shall be, except that the court may regulate it by rule, which, so far as we know, has never been done, except in some few points immaterial to this question, but the legislature must have expected those courts to pursue the course they generally do pursue, and that is to try such cases in substantially the same manner that cases originally begun in the courts are tried. Believing this to be correct practice, we see no occasion to make an exception of the right to grant a new trial.

Generally, the district courts have the power to grant new trials where a proper showing is made. The statute seems to make no restriction upon it. The provisions of article II, chapter 7, of the practice act, which treats of new trials, are in no wise limited to actions originally begun in the district courts. They are apparently applicable to all cases where there has been a trial and a decision by a jury, court or referee. To hold that they do not apply to cases appealed from a justice's court would be to construe into the statute an exception that does not exist there now.

The case of *Schuyler* v. *Mills*, 28 N. J. Law, 137, relied upon by relator, is not in point, for the reason that the statute of New Jersey in force when that decision was rendered provided that " after the trial of an appeal in the court of common

pleas no new trial shall be granted by the said court." The only question in that case was whether a non-suit constituted a trial of the case. Having held that it did, there could, of course, under that statute, be no new trial.

Application for the writ denied.